IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PURDUE PHARMA L.P., <br> PURDUE PHARMACEUTICALS L.P., <br> THE P.F. LABORATORIES, INC., and <br> GRÜNENTHAL GmbH, <br><br> Plaintiffs, <br><br> v. <br><br> ALVOGEN PINE BROOK, LLC, and <br> ACTAVIS LABORATORIES FL, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 15-687 (GMS) <br> ) (consolidated) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SCHEDULING ORDER

This ___ day of _____ 2015, the parties having determined after discussion
that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding
arbitration;

IT IS ORDERED that:

1.      **Rule 26(a) Initial Disclosures.**  Unless otherwise agreed to by the parties,
they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or
before **December 14, 2015**.

2.      **Infringement and Invalidity Contentions.**

a.      <u>Initial Identification of Accused Products</u>.  No later than
**December 14, 2015**, plaintiffs shall preliminarily identify the accused products and the asserted
patent(s) they allegedly infringe, and produce the file history for each asserted patent.

b.      <u>Production of Core Technical Documents</u>.  No later than **January 13, 2016**, defendants shall produce to plaintiffs the core technical documents related to the accused product(s) and samples of the accused product(s).

c.      <u>Initial Infringement Contentions</u>.  No later than **February 12, 2016**, plaintiffs shall serve an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

d.      <u>Initial Invalidity Contentions</u>.  No later than **March 14, 2016**, defendants shall serve initial invalidity contentions for each asserted claim, as well as copies of the related allegedly invalidating references.

3.      **<u>Joinder of other Parties and Amendment of Pleadings</u>.**  All motions to join other parties and amend the pleadings shall be filed on or before **November 3, 2016**.

4.      **<u>Reliance Upon Advice of Counsel</u>**.  Defendants shall inform plaintiffs whether they intend to rely upon advice of counsel as a defense to willful infringement no later than **November 15, 2016**.  If defendants elect to rely on advice of counsel as a defense to willful infringement, defendants shall produce any such opinions on which defendant intends to rely to plaintiffs no later than **November 15, 2016**.

5.      **_Markman_ <u>Claim Construction Hearing</u>**.  A _Markman_ claim construction hearing shall be held on **November 28, 2016 at 9:30 a.m.**  The _Markman_ hearing is scheduled for a full day with equal amounts of time allocated to Plaintiffs and Defendants.  The parties shall exchange lists of claims terms requiring construction no later than **May 24, 2016**.  The parties shall exchange proposed claim constructions no later than **June 14, 2016**.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues no later than **June 21, 2016**.  On or before **July 7, 2016**, the parties shall submit a Final Joint

Claim Chart which shall include citations to intrinsic evidence.  The plaintiff shall submit to the court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing.  A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov.  The Joint Appendix shall be filed within five (5) business days of the answering claim construction briefs.  The parties shall file opening claim construction briefs on **August 4, 2016**, and answering claim construction briefs on **September 15, 2016**.  Briefing will be presented pursuant to the court's Local Rules.

6.    **Discovery.**  All discovery in this case shall be initiated so that it will be completed on or before **February 9, 2017**.  The production of documents shall be substantially completed by **April 29, 2016**.  Opening expert reports on issues on which a party bears the burden of proof shall be served on or before **March 23, 2017**.  Rebuttal expert reports shall be served on or before **April 21, 2017**.  Reply expert reports shall be served on or before **May 12,** 2017. Expert Discovery in this case shall be initiated so that it will be completed on or before **June 30, 2017**.  The parties shall file any *Daubert* motions no later than **July 28, 2017**.

a.    **Discovery and Scheduling Matters.**  Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **Joint Letter Agenda**, which is **non-argumentative**, not to exceed two (2) pages outlining the issue(s) in dispute.  A sample letter can be located on this court's website at www.ded.uscourts.gov.  After the parties

---

[1]    Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.

have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference.  Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER,** exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES.**  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

7.    **Confidential Information and Papers filed under Seal.**  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court no later than **December 7, 2015**. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 6(a).**

8.    **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  The parties shall wait to be contacted by the assigned United States Magistrate Judge.

9.    **Applications by Motion.**  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via

electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      10.     **Oral Argument.**  If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to District of Delaware Local Rule 7.1.4.

      11.     **Pretrial Conference.**  On **September 11, 2017**, beginning at **10:00 a.m.**, the Court will hold a Pretrial Conference via telephone with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov.  Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order.

**Motions _in limine_**[2]:  **NO MOTIONS _IN LIMINE_ SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day).  The parties shall file with the court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov, on or before **August 28, 2017**.

---

[2]   The parties should simply list, in an Exhibit to be attached to the Pretrial Order, the issues under a heading such as "Plaintiff's [name of party] List Of Evidentiary Issues It Intends To Raise."

12.    **Trial.**  This matter is scheduled for a **nine (9) day** bench trial beginning at 9:00 a.m. on **October 16, 2017**.

13.    **Scheduling.**  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE