IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PURDUE PHARMA L.P., | ) | |
| PURDUE PHARMACEUTICALS L.P., | ) | |
| THE P.F. LABORATORIES, INC., and | ) | |
| GRÜNENTHAL GmbH, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 15-687 (GMS) |
| | ) | (Consolidated) |
| v. | ) | |
| | ) | |
| ALVOGEN PINE BROOK, LLC, and | ) | |
| ACTAVIS LABORATORIES FL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] PROTECTIVE ORDER

WHEREAS the Parties (as defined herein) agree that the nature of this consolidated case will require the Parties to seek and produce documents and information, and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the Producing Party's (as defined herein) legitimate proprietary interests;

WHEREAS the Parties agree that a protective order is necessary to minimize the harm flowing from the disclosure of sensitive information; and

WHEREAS the Parties agree to the terms of this Protective Order to protect their confidential documents, things and information;

IT IS HEREBY ORDERED THAT the Parties and any non-party subject to discovery in this action are bound by the terms of this Protective Order governing the production of information, documents, testimony or otherwise provided discovery in this action.

1.     **Scope of Protective Order:**  This Protective Order applies to all Discovery Materials (as defined herein) produced by a Producing Party (as defined herein) in connection with this action. In addition, this Protective Order allows for the filing of documents with the

Court under seal, subject to any applicable Local Court Rule or CM/ECF procedure, if such documents contain Confidential Information (as defined herein).  This Protective Order shall apply regardless of whether such information was produced prior to or after entry of this Protective Order.

## 2.    Definitions:

(a)    The term "Confidential Information"[1]  means any information, whether oral or in documentary or other tangible form, so designated by any Producing Party that it reasonably and in good faith believes is of the type protectable under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure or is required to be kept confidential by law or by agreement with a non-party or otherwise.  It shall also include any information which the Producing Party reasonably believes to be so sensitive that it is entitled to extraordinary protections.  Any summary, compilation, notes, memoranda, analysis or copy containing Confidential Information and any electronic image or database containing Confidential Information shall be considered Confidential Information to the same extent as the material or information from which such summary, compilation, notes, memoranda, analysis, copy, electronic image, or database is derived. Examples of the types of information that may be requested in discovery and designated as "Confidential Information" if produced include, but are not limited to:

---

[1]    To the extent that Plaintiff Grünenthal produces materials that were previously produced in the Oxycodone ADF litigations and Opana ER litigations and are designated "Highly Confidential" or "Confidential" those materials will be treated as containing Confidential Information under this Protective Order.  However, such treatment in the instant case does not by itself authorize or constitute agreement by Plaintiff Grünenthal to produce those materials in this case.  "Oxycodone ADF litigations" refers to Southern District of New York case numbers 1:11-cv-2036; 1:11-cv-2037; 1:11-cv-2038; 1:11-cv-2400; 1:11-cv-4694; 11-cv-8153; 12-cv-0897; 12-cv-3111; 12-cv-5082; 12-cv-5083; 12-cv-5615; 12-cv-7582; 13-cv-0762; 13-cv-0763; 13-cv-3374; 13-cv-4606; and 13-cv-7776.  "Opana ER litigations" refers to the Southern District of New York case numbers 1:12-cv-08060; 1:12-cv-08115; 1:12-cv-08317; 1:12-cv-08318, 1:12-cv-09261; 1:13-cv-00435, and 1:13-cv-0043.

(i)      The names, or other information tending to reveal the identities, of a Party's suppliers, present or prospective customers, distributors, developers, contractors, or joint venturers, or the personal information of a Party's employees;

(ii)     Information relating to pending patent applications;

(iii)    Financial information of a Party, including, but not limited to, that which identifies the number of products sold, total dollar value of products sold, and profit margins for products, both forecasted and actual;

(iv)    Information constituting product specifications, formulations and/or regarding the manufacture of the Party's products;

(v)     Technical notebooks and technical reports of a Party, including product and manufacturing specifications, schematic diagrams, technical reference manuals, operations manuals or other similar information;

(vi)    Confidential marketing plans, market research and business strategy, including research regarding competitors;

(vii)   Information the Producing Party believes is a proprietary trade secret;

(viii)  Personal information and/or identities of physicians and patients;

(ix)    All information relating to a Party's research and development efforts of any product, including hydrocodone products; and

(x)     All Abbreviated New Drug Applications (including any supplements or amendments), confidential portions of New Drug Applications, or Drug Master Files.

(b)     The term "Covered Subjects" means:  (1) any Purdue Pharma L.P. extended-release or abuse deterrent product containing hydrocodone as the only active ingredient, including products currently or formerly marketed by Purdue Pharma L.P. as Hysingla® ER; (2) any generic versions of Purdue Pharma L.P. extended-release or abuse deterrent products containing hydrocodone as the only active ingredient, including generic versions of Purdue Pharma L.P.'s Hysingla® ER product; (3) any patents that cover (1) or (2) or any aspects of (1) or (2); and (4) any patents listed in the Orange Book for any Purdue Pharma L.P. extended-release or abuse deterrent product containing hydrocodone as the only active ingredient, including those patents listed for NDA No. 206627.

(c)     The term "disclose" means to show, give, make available or communicate, in any fashion, to any Person (as defined herein), any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any Party or non-party in this action.

(d)     The term "Discovery Material" means any information, document or thing, and includes, without limitation, any writings, video or audio tapes, computer-generated or recorded information in any form, materials, oral or written testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, document requests, responses to document requests, deposition testimony, deposition transcripts and exhibits, other responses to requests for information or any tangible thing, and expert reports and appendices produced by a Party or non-party in this action (to the extent these materials contain third-party confidential information, third-party obligations may impact upon the discoverability of such Discovery Materials).

(e)     The term "Outside Counsel" means litigation counsel of record and identified foreign counsel of record (to the extent necessary for foreign discovery related to this action) for the Parties, including associated personnel necessary to assist outside counsel in this action, such as legal assistants, paralegals, analysts, secretarial, stenographic, information technology and clerical employees actually assisting such counsel, outside vendors that scan, code and/or produce documents at such counsel's request, translation services, interpretation services, computer services, trial consultants and their employees (including mock jurors and judges), and independent contractors hired to assist them, other than those persons described in Paragraph 2(i)(4) below.

(f)     The terms "Parties" or "Party" mean the following plaintiffs and/or defendants in this civil action: Purdue Pharma L.P., Purdue Pharmaceuticals L.P., The P.F. Laboratories, Inc., and Grünenthal GmbH (hereinafter "Plaintiffs") and Alvogen Pine Brook, LLC and Actavis Laboratories, FL, Inc. (hereinafter "Defendants").

(g)     The term "Person" means any natural person or any business, legal or governmental entity or association.

(h)     The term "Producing Party" means any Party, Person or non-party who produces any information, whether oral or in documentary or other tangible form.

(i)     The term "Qualified Person" means (1) Outside Counsel; (2) no more than two in-house counsel for each party, who are specifically identified pursuant to Paragraph 7(b) herein and who agree to be bound by the terms of the Protective Order by signing the attached Undertaking, and paralegals or secretaries who support such in-house counsel; (3) current or former employees of any Party who are authors, addressees, copyees or custodians of the relevant documents; (4) outside independent experts and consultants of the Parties who are

assisting Outside Counsel in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization, provided that any applicable requirements of Paragraph 7 below are satisfied; and (5) the Court and Court personnel, including stenographic reporters and videographers.

(j)  The term "Receiving Party" means any Person to whom Confidential Information is disclosed in this action.

(k)  Any other term not defined herein shall carry its ordinary meaning.

**3.  Designation of Confidential Information**:

(a)  Discovery Material, or any relevant portion of any letter, brief, motion, affidavit, discovery response, discovery request or other pleading, may be designated by any Producing Party as "Confidential," provided the material meets the definition of "Confidential Information" herein.  Moreover, a Party may designate Discovery Material produced by non-parties that contain that Party's Confidential Information as "Confidential."

(b)  A Producing Party may designate as Confidential any of its Discovery Material that may be protected under Fed. R. Civ. P. 26(c) and for which a good faith claim of a need for protection from disclosure can be made under applicable law.  The designations shall be made or supervised by an attorney.  Any information supplied in documentary or other tangible form may be designated by the Producing Party, or other Person claiming that the information is Confidential Information, by placing or affixing on each page of such Document, or on the face of such thing, the "CONFIDENTIAL" legend.  Information, documents, articles and things previously produced under protective orders in other cases that bear appropriate confidentiality markings from such other cases need not be stamped again; such material stamped

"Confidential Information" produced in this litigation will be treated as Confidential Information, in accordance with the terms of this Protective Order.

(c)     In the event a party may make available certain of its files for inspection by another party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with a confidentiality designation in advance, but shall all be treated as "CONFIDENTIAL" until labeled copies are provided.  Only those persons identified in Paragraph 2(i) above are permitted to view such materials made available at any such inspection.  When the Producing Party copies documents to furnish to the Receiving Party, the Producing Party shall mark Confidential Information with the appropriate confidentiality designation to the extent warranted under Paragraph 2(a) and shall only be deemed to be Confidential Information if labeled or marked "CONFIDENTIAL" in conformity with Paragraph 3.

(d)     Documents produced prior to entry of this Protective Order, including those exchanged under any prior Hatch-Waxman Confidential Disclosure Agreement, unless marked with language in accordance with Paragraphs 3(a)-(c) of this Protective Order, will be treated as having been produced marked "CONFIDENTIAL."  If a Producing Party decides that the previously produced documents do not require this heightened level of confidentiality, then that Producing Party shall provide the Receiving Party with the Bates range(s) of the previously produced documents and the appropriate confidentiality designations.

**4.     Confidential Testimony:**  Testimony obtained from a deposition or hearing may be designated Confidential, when appropriate, either on the record at the deposition

or hearing or by letter within twenty (20) days after receipt of the final (*i.e.*, not "draft" or "rough") transcript.  Subject to any requirements of the Court, the reporter for any deposition or hearing shall affix a mark of "CONFIDENTIAL" to pages that contain testimony designated as such.  At that time, all persons not qualified to receive Confidential Information shall leave the room prior to continuation of the deposition and until the conclusion of such designated testimony.  All such transcripts shall be treated as Confidential until designated otherwise or until the time to so designate has expired as set forth in this provision, whichever is later.

5.      **Publicly Available Material:**  Discovery Material that has been produced to, or prepared by or for, any government agency that is available to the public, and Discovery Material that is otherwise available to the public from any source, should not be designated as "Confidential."  If a Party receives material designated "Confidential" that the Party believes falls under this Paragraph, the Party may challenge the designation and request relief from the Court, after conferring in good faith with Outside Counsel for the Producing Party.  If the Party seeks relief from the Court, until the Court rules on the requested relief, the Discovery Material shall be treated as "Confidential," as the case may be.  The Party or Person claiming that the material is "Confidential" bears the burden of establishing the confidentiality of the so-designated materials.

6.      **Disclosure of Confidential Information to Qualified Persons:**  Any information designated as "Confidential Information" shall be maintained in confidence by any Receiving Party.  Confidential Information may be disclosed only to Qualified Persons as set forth in categories (1), (3), (4), and (5) of Paragraph 2(i) above, as well as to Qualified Persons within category (2) if such persons are specifically identified pursuant to Paragraph 7(b) below.  Prior to any disclosure to Qualified Persons in category (2) and (4) of Paragraph 2(i) above, the relevant requirements of Paragraph 7 below shall be satisfied.  The Party that has retained, or disclosed

Confidential Information to, the Qualified Persons shall retain a copy of the required executed

Undertaking(s) until the final resolution of this action.

**7.**     **Disclosure of Confidential Information to Experts, Consultants and**

**In-House Counsel**:

(a)     Independent Experts and Consultants.  The following applies for

each independent expert and consultant described in Paragraph 2(i)(4) above to whom

Confidential Information is to be given, shown, disclosed, made available or communicated in any

way:

(i)     Such expert or consultant shall first read this Protective

Order and sign the Undertaking attached hereto as Schedule A.

(ii)     At least five (5) business days prior to the Receiving Party

giving, showing, disclosing, making available or communicating Confidential Information to any

expert or consultant, the Receiving Party shall deliver (by electronic mail) to all other Parties a

copy of the signed Undertaking and a resume, curriculum vitae or a description setting forth the

person's (1) name, (2) residence and office addresses, (3) present employer, job title and job

description, (4) any consulting activities within the last five years relating to the pharmaceutical

industry, (5) any relationship to the Parties in this action, and (6) a brief job history for the past five

years.

(iii)     If a Party has a good faith basis for believing it would be

harmed by the proposed disclosure, the Party shall be entitled to object to such disclosure within

five (5) business days after service of the information called for in Paragraph 7(a)(ii). Objections

must be in writing and state with particularity the basis for the objection.

(iv)    In the event of such an objection to disclosure of Confidential Information, the Parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection.  If the Parties are unable to reach an agreement regarding such disclosure, the Party objecting to disclosure shall, within five (5) business days of the meet and confer, contact chambers to schedule a telephone conference pursuant to Paragraph 6(a) of the Amended Scheduling Order.  The parties will then adhere to the additional procedures set forth in Paragraph 6(a) of the Amended Scheduling Order (C.A. No. 15-687, D.I. 22).  The objecting Party shall have the burden of showing why that person should not have access to Confidential Information.  Pending resolution of any such application to the Court, no disclosure of Confidential Information shall be made to that person.  The filing and pendency of such application to the Court shall not limit, delay or defer any disclosures of Confidential Information to persons as to whom no such objection has been made.

(b)    Designated In-House Counsel.  The following applies for each in-house counsel designated under the terms of this Order:

(i)    Subject to the requirements set forth herein, the Parties may at any time designate in-house counsel who may have access to Confidential Information in accord with the provisions of this Protective Order by sending notice to outside counsel.

(ii)    Designated in-house counsel will not have access to any Confidential Information produced by a Producing Party that the Producing Party has determined, in good faith, is likely to result in business or competitive harm if disclosed to such in-house counsel and relates to (a) abuse deterrent labeling, (b) pending patent applications, (c) financial data, current and future business plans and marketing information for any products, (d) costs of manufacture, costs of goods sold and profitability information for any products, or (e) technical

trade secret or commercial trade secret information regarding hydrocodone extended-release or abuse deterrent products whether such products are at issue in this litigation or not.[2]  To indicate which documents the Producing Party believes should not be disclosed to such in-house counsel, the Producing Party shall designate such documents as "Highly Confidential – Outside Counsel Eyes Only."

        (iii)     Designated in-house counsel are not and will not be, for the duration of one year after the conclusion of the litigation including appeals: (a) involved in prosecution of patent applications, including both foreign and U.S. applications, any reissue or reexamination applications, relating to any of the Covered Subjects; (b) involved in preparing any submission to any foreign or domestic health regulatory agency, including but not limited to citizen petitions to the FDA, and/or any submission to the United States Pharmacopeia, British Pharmacopeia or European Pharmacopeia, relating to any of the Covered Subjects; (c) involved in the scientific development of Covered Subjects; and (d) if specifically identified in Paragraph 7(b)(i) above, involved in competitive business decision making with respect to any of the Covered Subjects.

        (1)     For the avoidance of doubt, the term "prosecution of patent applications" as used in this paragraph shall not include participation in patent opposition, reissue, inter partes review, post grant review or reexamination proceedings on the patents-in-suit, regardless of whether such participation is on behalf of the patentee or a Party challenging a patent. Nonetheless, no Confidential Information of any Producing Party shall be used, disclosed, or otherwise relied upon for purposes of amending any claims.

---

[2]     Nothing in this [Proposed] Protective Order constitutes agreement by the Parties that such documents are relevant or discoverable.

(2)     In addition, purely legal decision-making responsibilities relating to the above-captioned case (including consolidated cases) or formulations containing hydrocodone, including, without limitation (i) having responsibilities for negotiating or executing an agreement settling litigation, including responsibilities related to any financial terms of such an agreement or advising about launch dates under such an agreement, or (ii) advising about the timing of product launch, shall not be deemed to be "competitive business decision-making."

(3)     The foregoing patent prosecution and regulatory submission restrictions of this Paragraph 7(b)(iii) shall apply only to individuals, and not to the firms or organizations by which they are employed, nor to secretarial, clerical and legal or paralegal assistant staff.

(iv)     Prior to any Confidential Information being provided to any in-house counsel identified pursuant to the provisions above, each in-house counsel shall read this Protective Order and sign the Undertaking attached hereto as Schedule A.  The Party seeking disclosure of the Information shall deliver (by electronic mail) a copy of the executed Undertaking to each Party.

(v)     Notwithstanding the provisions contained in this section, designated in-house counsel are not prevented from being involved, directly or indirectly, in (a) preparing Orange Book listings for submission to the FDA, or (b) performing work before the FDA relating to obtaining or maintaining approval of the Receiving Party's own NDA or ANDA, provided no Confidential Information so designated by a Producing Party is used, disclosed, or otherwise relied on when preparing these submissions to the FDA.

(vi)      Any Party or third party may object to the Producing Party's designation of Discovery Material as "Highly Confidential – Outside Counsel Eyes Only" that prevents its disclosure to designated in-house counsel under Paragraph 7(b)(ii).  In the event of such an objection, the Parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection.  If the Parties are unable to reach an agreement regarding the designation, the Party objecting to the designation shall, within five (5) business days of the meet and confer, contact chambers to schedule a telephone conference pursuant to Paragraph 6(a) of the Amended Scheduling Order.  The parties will then adhere to the additional procedures set forth in Paragraph 6(a) of the Amended Scheduling Order (C.A. No. 15-687, D.I. 22).  The Party requesting disclosure to designated in-house counsel shall have the burden of establishing that the "Highly Confidential – Outside Counsel Eyes Only" designation should be removed.  Pending resolution of any such application to the Court, no disclosure of Discovery Material designated "Highly Confidential – Outside Counsel Eyes Only" for which the designation has been challenged shall be made to in-house counsel under Paragraph 7(b)(ii).  The filing and pendency of such application to the Court shall not limit, delay or defer any disclosure of information designated as "Highly Confidential – Outside Counsel Eyes Only" to persons not subject to this provision.

(vii)      In the event that a Party wishes to designate an in-house counsel pursuant to Paragraph 2(i)(2) or in the event that any of the in-house counsel identified previously no longer can serve as a designated in-house counsel in this action and the designating Party wishes to select a replacement in-house counsel to view Confidential Information of the Producing Party, then new in-house counsel shall execute an Undertaking as required herein, and shall otherwise comply with all terms of this Protective Order including delivery by electronic

mail of a copy of the executed Undertaking to each Party.  The Party seeking disclosure to a replacement in-house counsel shall at time of delivery of the executed Undertaking indicate which counsel has been replaced.

## 8.    Use of Designated Materials:

(a)    Subject to Paragraph 15 below, Confidential Information shall be used by the Receiving Party solely for the purposes of preparation for trial, pretrial proceedings, and trial of actions and proceedings in the above-captioned action and not for any business, commercial, regulatory, competitive, personal or other purpose or any other action.  In particular, and by way of example only and without limitation, Confidential Information disclosed in this action shall not be submitted by the Receiving Party to any foreign or domestic regulatory agency, including but not limited to Orange Book listings, submissions related to obtaining or maintaining approval of the Receiving Party's NDA or ANDA, or citizen petitions to the FDA, and/or any submission to the United States Pharmacopeia, British Pharmacopeia or European Pharmacopeia, nor shall such Confidential Information be used in any way in connection with any of the foregoing submissions.  Furthermore, subject to Paragraph 15 below, Confidential Information disclosed in this litigation shall not be used by the Receiving Party in any other action, including lawsuits against FDA.  In addition, subject to Paragraph 15 below, Confidential Information shall not be used by the Receiving Party to prosecute any patent application, including reissue and reexamination applications, and shall not be used by the Receiving Party in any post-grant review proceeding.

(b)    Confidential Information may be disclosed by a Receiving Party during a deposition, to the extent that its use is reasonably necessary, at the depositions of the following:

(i)      The present directors, officers, employees, agents or Rule 30(b)(6) designees of the Producing Party;

(ii)      An author, addressee, or other person indicated on the document as a lawful recipient of a document containing the information;

(iii)      A person not within Subparagraphs 8(b)(i)-(ii) above who is clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior disclosure of the Confidential Information);

(iv)      An independent advisor, consultant or expert otherwise qualified under this Protective Order to receive such information;

(v)      Any person for whom prior authorization is obtained from the Producing Party or the Court; or

(vi)      Individuals who have been identified through discovery (including document production, written discovery or deposition  testimony) as having knowledge of the particular Confidential Information, even if the individual is not identified as an actual author or recipient on the face of the document at issue.

(vii)      Former employees of the Producing Party, if the document at issue was created prior to the former employee's departure.

**9.      Inadvertent Productions:**

(a)      In the event any document is produced that the Producing Party later claims is protected by the attorney-client privilege, work-product doctrine, or other privilege or immunity, the Receiving Party shall, as soon as possible but not later than within five (5) business days of receipt of a written request by the Producing Party, sequester the original document or return it to the Producing Party (or at the option of the Receiving Party destroy the

original with written verification provided to Outside Counsel for the Producing Party) and make

a reasonable effort to destroy or delete all copies thereof and all notes, memoranda or other

documents that summarize, discuss or quote the document, including from any word processing

or database tape or disk it maintains.  Upon receiving notice of inadvertent production, the

Receiving Party(ies) shall not make any use of such document or thing or disseminate the same in

any way, except in a motion filed with the court.  Pursuant to Federal Rule of Evidence 502, the

unintentional or inadvertent production of privileged, work-product- protected or otherwise

immune documents in the course of discovery in this action shall not constitute a waiver of any

privilege, work-product-protection or immunity, either as to the produced document or as to any

other documents or communications embracing the same or similar subject matter provided that

the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent

production promptly (and no later than ten (10) business days) after the Producing Party

discovers such unintentional or inadvertent production.  Return of a document for which the

Producing Party has asserted a claim of privilege, work-product- protection or immunity under

this Paragraph shall be without prejudice to the Receiving Party's right to seek an order from the

Court directing production of the document on the ground that the claimed privilege,

work-product-protection or immunity is invalid, inapplicable or waived, provided, however, that

any motion or other application for such order shall not rely upon in any manner or assert as a

ground the fact or circumstances of the unintentional or inadvertent production.

       (b)       Unintentional or inadvertent failure to designate any information as

"Confidential" or "Highly Confidential – Outside Counsel Eyes Only" pursuant to this Protective

Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the

Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent failure

to designate promptly (and no later than ten (10) business days) after the Producing Party discovers

such unintentional or inadvertent failure to designate.  In the event of an unintentional or

inadvertent failure to designate any information, arrangements shall be made for the return to the

Producing Party, or the destruction or deletion of, all copies of the unintentionally or inadvertently

undesignated information and for the substitution, where appropriate, of properly-labeled copies.

   (c) If the Receiving Party discloses any document or thing containing

information that the Producing Party designated as Confidential Information to any person not

authorized to have access to such information under this Protective Order, the Receiving Party

shall use its best efforts (1) to obtain the prompt return of any such Confidential Information and

(2) to bind such person to the terms of this Protective Order within three (3) business days of

discovery of such disclosures by (i) informing such person of the provisions of this Protective

Order, (ii) identifying such person to the Producing Party and (iii) requesting such person to sign

the Undertaking attached hereto as Schedule A.  If executed, Schedule A shall be served upon

counsel of record for the Producing Party within three (3) business days of its receipt by the

Receiving Party.  The requirements set forth in this Paragraph shall not prevent the Producing

Party from applying to the Court for further additional relief.

   (d) A Party's inadvertent failure to redact information, subject to the

provisions in Paragraph 10, shall not operate as an admission of its relevance, a waiver of a claim

of privilege, work product, or other protection or immunity from discovery, or a waiver of the

Producing Party's right to seek its return or destruction.  Upon learning of the inadvertent

production of information subject to redaction, the Producing Party shall notify all Receiving

Parties in writing, request that such information be returned or destroyed, and provide properly

redacted replacement copies.  The Producing Party's written notification shall provide the basis for

the Producing Party's belief that the inadvertently produced information is subject to redaction. The Receiving Party shall return or destroy all copies of the inadvertently produced material within five (5) business days of receipt of the request.  Any notes or summaries referring or relating to any inadvertently produced material shall be destroyed.  This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.  Documents redacted based on attorney-client privilege, work product doctrine or any other privilege or immunity shall be listed on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5), unless otherwise agreed to by the Parties.

     **10.**    **Redactions:** Documents and things produced or otherwise made available for inspection may be redacted, in good faith by the Producing Party, of information that is (i) neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or (ii) subject to the attorney-client privilege or to the work-product immunity.  Each such redaction, regardless of size, shall be clearly labeled.  All documents redacted based on point (ii) shall be listed on a privilege log stating the basis for such redaction, pursuant to Section 1(d) of the District of Delaware's Default Standard For Discovery Of Electronically Stored Information ("ESI"), unless otherwise agreed to by the Parties.  This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

     **11.**    **Filing:** All documents—including pleadings, motions and other papers—containing Confidential Information shall be filed with the Court under seal in accordance with the Court's Local Rules and CM/ECF procedures.

     **12.**    **Parties to Cooperate to Limit Filings Under Seal:**  Where possible, only Confidential portions of filings with the Court shall be filed under seal.  The Parties shall endeavor

in good faith to avoid filing materials under seal whenever possible.  If any Party desires to refer

to, or include, Confidential Information in a brief, motion, or other court filing, that Party may

confer with Outside Counsel for the Producing Party about any such references, in an effort to

reach an agreement that will make filing under seal unnecessary.  Any agreements reached by any

Parties to resolve the need for filing under seal shall not be viewed or deemed as a waiver or

admission of any prior or subsequent Confidential designation, nor shall any such agreement be

construed to apply to any future efforts to enforce or apply the "Confidential" designation of

information.

   **13.**  **Changes to Confidentiality Designations and Requests to Disclose**

**Confidential Information to Non-Parties:**  Nothing herein shall be taken as indicating that

any document or information designated as Confidential Information is entitled to such

treatment.  If the Receiving Party desires to disclose Confidential Information to someone

other than a Qualified Person as permitted in Paragraphs 6-7 above, or if the Receiving Party

disagrees with the confidentiality designation by the Producing Party, then the Receiving

Party shall so notify, in writing, Outside Counsel for the Person or Party asserting the

confidentiality of the information.  Outside Counsel for the Person or Party asserting the

confidentiality of the information and the Receiving Party shall first try to resolve such

dispute within five (5) business days after receipt of the Receiving Party's notice.  If the

dispute cannot be resolved, the Receiving Party, upon no fewer than three (3) business days

written notice to the Person or Party asserting the confidentiality, may seek a ruling from the

Court that the information is improperly designated or that such disclosure should take place

because the interest of the Person or Party asserting the confidentiality in limiting the

dissemination of the information is outweighed by the need for such disclosure.  Unless

otherwise ordered by the Court, the Person or Party asserting the confidentiality shall have

five (5) business days to oppose the Receiving Party's request for relief, and the Receiving

Party shall have two (2) business days to reply. Pending a determination by the Court, such

information shall be treated as Confidential Information as designated by the Person or Party

asserting the confidentiality claim.

**14. Preservation of the Right to Challenge Confidentiality Designation:**

No party shall be obligated to challenge the propriety of a confidentiality designation, and a failure

to do so shall not preclude a subsequent challenge to the propriety of such designation. This

Protective Order shall be without prejudice to the right of any Party or other subscriber to this

Protective Order (a) to bring before the Court at any time the question of whether any particular

document or information is Confidential Information or whether its use otherwise should be

restricted or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c), for a separate

protective order as to any such particular document or information, including restrictions differing

from those specified herein.

**15. Subpoena by Other Courts or Agencies:** If Confidential Information in

the possession, custody or control of any Receiving Party is sought by subpoena, request for

production of documents, interrogatories, or any other form of discovery request or compulsory

process, including any form of discovery request or compulsory process of any court,

administrative or legislative body or any other person or tribunal purporting to have authority to

seek such information by compulsory process or discovery request, including private parties, the

Receiving Party to whom the process or discovery request is directed, shall (a) on or before the

third business day of receipt thereof, give written notice by hand, email or facsimile of such

process or discovery request, together with a copy thereof, to Outside Counsel for the Producing

20

Party; (b) withhold production or disclosure of such Confidential Information until the Producing Party consents in writing to production or the Receiving Party is required by a court order to produce such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure and, in any event, provided that the Receiving Party provides a copy of such court order to Outside Counsel for the Producing Party prior to disclosure; and (c) otherwise cooperate to the extent necessary to permit the Producing Party to seek to quash or modify such process or discovery request.

16. **Expert Discovery:** In order to avoid consuming the Parties' and the Court's time and resources on potential discovery issues relating to experts, and without limiting the applicability of Fed. R. Civ. P. 26(a)(2) and (b)(4), the following categories of data, information, or documents need not be disclosed by any Party or Person, and are outside the scope of permissible Discovery Materials under this Order and Fed. R. Civ. P. 26(a)(2) and (b)(4), unless the expert relies on such information as a basis for their opinion: Draft reports or disclosures, as well as written or oral communications and notes of communications between any expert and counsel for a Party including any attachments.

17. **Client Consultation:** Nothing in this Protective Order shall prevent or otherwise restrict Outside Counsel or designated in-house counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information; *provided, however,* that in rendering such advice and otherwise communicating with such clients, Outside Counsel or designated in-house counsel shall not make specific disclosure of any item so designated except as permitted herein.

18. **Modification Permitted:** Nothing in this Protective Order shall prevent any Party or other Person from seeking modification of this Protective Order, from objecting to

discovery that it believes to be otherwise improper, from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.  The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

19.    **Responsibility of Attorneys:**  The attorneys of record for each respective party are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information received by them.

20.    **No Waiver:**  Review of Confidential Information by Qualified Persons as permitted in Paragraphs 6-7 above in connection with this action shall not waive the confidentiality of the information or objections to production.  The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

21.    **Purpose Is to Facilitate the Exchange of Information:**  This Protective Order is entered solely for the purpose of facilitating the exchange of information between the Parties to this action without involving the Court unnecessarily in this process.  Nothing in this Protective Order, nor the production of any documents or disclosure of any information pursuant to this Protective Order, shall be deemed to have the effect of (a) an admission or waiver, including waiver under the Federal Rules of Evidence or applicable Local Rules, by any Party or other subscriber to this Protective Order; (b) altering the confidentiality of any such information;

or (c) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

22.   **Termination of the Litigation:**   Within 90 days after the final conclusion of this litigation, including all appeals, all Confidential Information, and all copies of the same, shall be returned to the Producing Party or, at the option of the Receiving Party, destroyed. Notwithstanding the above, Outside Counsel for each Party shall be entitled to retain copies of all filings, their work product, any transcripts of depositions, hearings or trial testimony in this action, expert reports, written discovery or discovery responses, as well as documents that have been marked as exhibits to a deposition and documents included on trial exhibit lists and that contain or refer to information designated as Confidential Information provided that all such documents shall remain subject to this Protective Order.  Outside Counsel of record shall make certification of compliance herewith and shall deliver the same to Outside Counsel for the party that produced the documents not more than 120 days after conclusion of this litigation, including all appeals.

23.   **No Limitations on Party's Use of its Own Information:**   Except as specifically noted herein, this Protective Order shall not limit a Producing Party's use of its own Confidential Information, nor shall this Protective Order limit the ability of a Party to disclose any document to its author, custodian or anyone identified on the face of the document as a recipient.

24.   **Addition of Parties:**   In the event that a new party is added, substituted or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

25.   **Non-Parties:**   If a non-party provides Discovery Materials to any Party, such non-party may adopt the terms of this Protective Order with regard to the production of

Confidential Information by executing a Notice of Election to Adopt Stipulated Order on Confidentiality Agreement and Protective Order ("Notice of Election") in the form attached hereto as Schedule B.  In the event of such election, the provisions of this Protective Order shall apply to such Discovery Materials as if such Discovery Materials were being provided by a Party to this litigation. Under such circumstances, the non-party shall have the same rights and obligations under this Protective Order as held by the Parties to this litigation.

26. **Information Not Covered by this Protective Order:**  The restrictions set forth in this Protective Order will not apply to Confidential Information that is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which comes into the lawful possession of or becomes known to the Receiving Party or comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that, as shown in written records, such information does not become publicly known by any act or omissions of the Receiving Party which would be in violation of this Protective Order.

27. **Survival:**  This Protective Order shall survive and remain in full force and effect after termination of this action.  Neither the termination of this lawsuit nor the termination of employment of any person with access to any Confidential Information shall relieve such person from the obligation of maintaining the confidentiality of such information.

28. **Pending Entry by the Court:**  Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by the Parties, it will be treated as though it had been "So Ordered."

The undersigned counsel of record stipulate that the Court should enter the above Protective Order as an order of the Court, and further stipulate that the Protective Order shall constitute a binding contract among the Parties and their counsel.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1374
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
    *Counsel for Plaintiffs Purdue Pharma L.P.,*
    *Purdue Pharmaceuticals L.P., The P.F.*
    *Laboratories, Inc., and Grünenthal GmbH*

OF COUNSEL:

Jeffrey I. D. Lewis
Justin M. Ross
Naz E. Wehrli
Andrea L. McChristian
FRIED FRANK HARRIS SHRIVER
& JACOBSON LLP
One New York Plaza
New York, NY 10004-1980
(212) 859-8000
    *Counsel for Plaintiffs Purdue Pharma L.P.,*
    *Purdue Pharmaceuticals L.P., and The P.F.*
    *Laboratories, Inc.*

Basil J. Lewris
Jennifer H. Roscetti
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4150
    *Counsel for Plaintiff Grünenthal GmbH*

PROCTOR HEYMAN ENERIO LLP

*/s/ Dominick T. Gattuso*

_____

Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@proctorheyman.com
    *Counsel for Defendant Alvogen Pine Brook,*
    *LLC*

OF COUNSEL:

Matthew J. Becker
Jeremy Lowe
Stacie L. Ropka
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100

Joshua S. Reisberg
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
(212) 728-2200
    *Counsel for Defendant Alvogen Pine Brook,*
    *LLC*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

_____
Melanie K. Sharp (#2501)
Robert M. Vrana (#5666)
1000 North King Street
Wilmington, DE  19801
(302) 571-6681
msharp@ycst.com
rvrana@ycst.com
    *Counsel for Defendant Actavis Laboratories*
    *FL, Inc.*

OF COUNSEL:

Gary E. Hood
Mark T. Deming
Jason A. Wietjes
Khurram Naik
POLSINELLI PC
161 N. Clark Street, Suite 4200
Chicago, IL  60601
(312) 819-1900
    *Counsel for Defendant Actavis Laboratories*
    *FL, Inc.*

February 12, 2016


SO ORDERED this _____ day of _____, 2016.


_____
    UNITED STATES DISTRICT JUDGE

**SCHEDULE A**

**UNDERTAKING AND ACKNOWLEDGEMENT OF
PROTECTIVE ORDER AND CONFIDENTIALITY
STIPULATION**

I,_____, hereby attest as follows:

      1.     I understand that CONFIDENTIAL material may be disclosed to me under the terms of the Protective Order attached to this Undertaking and Acknowledgement. I have a copy of and have read the Order, and I agree to comply with and be bound by its terms. I also agree to be subject to the jurisdiction of this Court for the purpose of enforcing this Order and this agreement.

      2.     I agree that I will not disclose to anyone else the CONFIDENTIAL material disclosed to me, nor discuss or describe the substance or content of such material, except as provided in the Order, and that I will use such material only for the purposes of this litigation.

      3.     I agree that I will not keep any CONFIDENTIAL material or copies of any such material (including notes or other memoranda or writings containing or relating to such material) except to the extent permitted by the Order, and, upon request, will destroy or return such material to the attorneys who disclosed such material to me.

Dated: _____       _____
                                                                              Signature

                                                                         _____
                                                                              Company

**SCHEDULE B**

**NOTICE OF ELECTION TO ADOPT STIPULATED ORDER**
**ON CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

        1.   _____, a non-party to the above-captionedlitigation, has been requested and/or subpoenaed by a party to produce discovery containing Confidential Information in connection with the above-captioned litigation.

        2.   _____hereby elects to adopt the terms of the Stipulated Confidentiality Agreement and Protective Order (herein, the "Protective Order") with regard to its terms regarding production of Confidential Information.

        3.   The provisions of the Protective Order shall apply to all documents, things and other information produced by _____as if such discovery were being provided by a party. _____ shall have the same rights and obligations under the Protective Order as held by the parties.

Dated: _____          _____
                                                            Signature

                                                            _____
                                                            Company